IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Bette McClure,                          )
                                        )       C.A. No.  3:04-23274-HMH
                          Plaintiff,    )
                                        )
            vs.                         )       **OPINION & ORDER**
                                        )
Wyeth, d/b/a Wyeth, Inc.; Wyeth         )
Pharmaceuticals, Inc.; Pharmacia &      )
Upjohn Company, LLC, f/k/a Pharmacia    )
& Upjohn Company,                       )
                                        )
                          Defendants.   )

This matter is before the court on Defendants' motion to exclude the expert testimony of

(Plaintiff Bette McClure's ("McClure") witnesses) Drs. Elizabeth Naftalis ("Dr. Naftalis") and

James Waldron ("Dr. Waldron").  For the reasons that follow, the court grants Defendants'

motion.

## I. Factual and Procedural Background

McClure commenced this products liability action on December 15, 2004, alleging that

her ingestion of hormone replacement therapy medications manufactured by Defendants caused

her to develop breast cancer.  (Compl. ¶ 1.)  She raises numerous claims against Defendants,

including negligence, strict liability under theories of design defect and failure to warn, and

breach of implied warranty.  (Id. ¶¶ 19-49.)  On January 26, 2005, the United States Judicial

Panel on Multidistrict Litigation ordered that this action be transferred to the United States

District Court for the Eastern District of Arkansas for consolidated pretrial proceedings.  This

action was remanded to this court for further proceedings on January 14, 2011.  On January 23,

2012, Defendants filed numerous motions in limine, seeking to exclude the testimony of many of McClure's experts. At issue here is the testimony of Drs. Neftalis and Waldron, who McClure designated as specific causation experts. On February 1, 2012, McClure moved for a two-week extension of time to respond to Defendants' pending motions. The court granted McClure's motion, giving her until February 21, 2012 to respond. McClure, however, has failed to respond to Defendants' motion.

## II. DISCUSSION OF THE LAW

Under Rule 702 of the Federal Rules of Evidence, expert testimony is admissible if it will assist the trier of fact and is (1) "based on sufficient facts or data," (2) "the product of reliable principles and methods," and (3) "the principles and methods [have been applied] reliably to the facts of the case." In determining whether expert testimony is admissible under Rule 702, a district court must assess whether an expert's proffered testimony is both sufficiently reliable and relevant. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999). "The inquiry . . . is a flexible one focusing on the principles and methodology employed by the expert, not on the conclusions reached." Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999) (internal quotation marks omitted). The relevance and reliability of expert testimony is examined by considering "whatever factors bearing on validity that the court finds to be useful," id., and may include (1) whether the technique or scientific knowledge can be and has been tested; (2) whether the theory or technique has been subjected to peer review; (3) the known or potential rate of error; and (4) whether the technique or test is generally accepted within the community. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 593-94 (1993).

McClure's specific causation experts rely upon a "differential diagnosis"[1] to conclude that McClure would not have developed breast cancer but for her ingestion of hormone replacement therapy medication manufactured by Defendants. (Def. Mot. Limine Exclude Specific Causation Testimony Ex. 2 (Naftalis Report at 31).) Defendants mount two principal challenges to the admissibility of Drs. Neftalis and Waldron's testimony. First, they contend that the "use of differential diagnosis to establish the cause of an individual woman's breast cancer is unreliable because it is not accepted by the relevant medical community and it has not been peer reviewed, studied, tested, or validated anywhere in the world's literature or by the medical and scientific community." (Id. at 9.) Second, Defendants maintain that even if differential diagnosis were a reliable methodology for determining the cause of a woman's breast cancer, the experts have not applied their methodology reliably to McClure. (Id. at 12.)

As the proponent of the challenged testimony, McClure shoulders the burden in demonstrating that the methodology employed by Drs. Neftalis and Waldron is reliable and relevant. Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001) ("The proponent of the testimony must establish its admissibility by a preponderance of proof."); see also Hendrix v. Evenflo Co., Inc., 609 F.3d 1183, 1198 n.11 (11th Cir. 2010) ("The proponent of such opinions . . . retains the burden of offering some proof that the expert's testimony on general causation is reliable."). McClure, however, has failed to respond to Defendants' motion challenging the admissibility of Drs. Naftalis and Waldron's testimony. Therefore, the court concludes that she has failed to carry her burden in demonstrating that Drs. Neftalis and

---

[1] "Differential diagnosis . . . is a standard scientific technique of identifying the cause of a medical problem by eliminating likely causes until the most probable one is isolated." Westberry, 178 F.3d at 262.

Waldron's testimony is admissible.

It is therefore

**ORDERED** that Defendants' motion in limine to exclude specific causation testimony of Drs. Neftalis and Waldron, docket number 50, is granted.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 19, 2012