IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Bette McClure, ) | |
| ) | C.A. No. 3:04-23274-HMH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Wyeth, d/b/a Wyeth, Inc.; Wyeth ) | |
| Pharmaceuticals, Inc.; Pharmacia & ) | |
| Upjohn Company, LLC, f/k/a Pharmacia ) | |
| & Upjohn Company, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). For the reasons that follow, the court grants summary judgment in favor of Defendants.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Bette McClure ("McClure") commenced this products liability action on December 15, 2004, alleging that her ingestion of hormone replacement therapy medications manufactured by Defendants caused her to develop breast cancer. (Compl. ¶ 1.) She raises numerous claims against Defendants, including negligence, strict liability under theories of design defect and failure to warn, and breach of implied warranty. (Id. ¶¶ 19-49.) On January 26, 2005, the United States Judicial Panel on Multidistrict Litigation ordered that this action be transferred to the United States District Court for the Eastern District of Arkansas for consolidated pretrial proceedings. This action was remanded to this court for further proceedings on January 14, 2011. On January 23, 2012, Defendants moved for summary

1

judgment. On February 1, 2012, McClure moved for a two-week extension of time to respond to Defendants' motion for summary judgment. The court granted McClure's motion, giving her until February 21, 2012 to respond. McClure, however, has failed to respond to Defendants' motion.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

### B. Specific Causation

Defendants move for summary judgment on the singular ground that McClure is unable to establish specific causation. (Def. Mot. Summ. J., generally.) Causation is an essential

element to each of McClure's claims.  Young v. Tide Craft, Inc., 242 S.E.2d 671, 675 (S.C. 1975).  Under South Carolina law, expert testimony is necessary to establish causation for cases involving a complex medical condition such as breast cancer.  Smith v. Michelin Tire Corp., 465 S.E.2d 96, 97 (S.C. Ct. App. 1995).  To this end, McClure designated Drs. Elizabeth Naftalis ("Dr. Naftalis") and James Waldron ("Dr. Waldron") as experts to opine on specific causation.[1]  (Pl. Expert Disclosures 6-7.)  The court, however, granted Defendants' motion to exclude Drs. Naftalis and Waldron's testimony after concluding that McClure failed to carry her burden in showing that their testimony was reliable and relevant.  Without expert testimony, McClure is unable to demonstrate that Defendants' hormone therapy replacement medications caused her to develop breast cancer.

---

[1] McClure also designated Dr. Robert Fincher as an expert to testify about specific causation.  During his deposition, however, he disclaimed any intention of testifying about specific causation regarding McClure's breast cancer.  (Def. Mem. Supp. Mot. Exclude Testimony Dr. Robert L. Fincher 5-6.)

It is therefore

**ORDERED** that Defendants' motion for summary judgment on specific causation, docket number 52, is granted. It is further

**ORDERED** that Defendants' pending motions in limine, docket numbers 47, 48, 49, and 51, are denied as moot. It is further

**ORDERED** that the parties' joint motion for a trial date certain, docket number 57, is denied as moot.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
March 19, 2012